**Terrance MCCREA, Petitioner—Appellant,**

v.

**Anthony A. LAMARQUE, Warden, Respondent—Appellee.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**Tracy Lamont Batts, Petitioner—Appellant,**

v.

**Anthony A. Lamarque, Warden, Respondent—Appellee.**

Nos. 04-57066, 05-55106.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2006.

Decided Feb. 16, 2006.

Terrance McCrea, Blythe, CA, pro se.

Tracy Lamont Batts, Susanville, CA, pro se.

Chris R. Redburn, Esq., San Francisco, CA, for Petitioner–Appellant.

David A. Wildman, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: THOMPSON, TROTT, and BEA, Circuit Judges.

## MEMORANDUM *

Petitioners, Terrance McCrea and Tracy Lamont Batts, appeal the district court's denial of their petitions for a writ of habeas corpus, claiming that their convictions violated the Double Jeopardy Clause. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we AFFIRM.

The state court's decision was not contrary to clearly established federal law. The state court properly stated the rule from the controlling Supreme Court precedent—*Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).

Further, the application of *Kennedy* was not objectively unreasonable. First, the state court properly deferred to the trial judge's finding of fact regarding the prosecutors' intent to cause a mistrial. *See*

---

*Kennedy,* 456 U.S. at 677, 102 S.Ct. 2083 n. 7 (recognizing that appellate judges defer to the judgment of trial judges on whether the prosecutor intended to cause a mistrial). Second, the state court properly reviewed the entire record to determine that substantial evidence supports the trial judge's finding that the prosecutors did not intend to cause a mistrial. It was not objectively unreasonable for the state court to emphasize the strength of the prosecutors' case as one of the factors analyzed to decipher the prosecutors' intent. *See United States v. Lun,* 944 F.2d 642, 644–45 (9th Cir.1991).

Finally, the state court's finding that the prosecutors did not intend to cause a mistrial is entitled to a presumption of correctness. *See* 28 U.S.C. § 2254(e)(1). The evidence in the record does not rebut this finding by clear and convincing evidence: (1) the prosecutors' case was going well, (2) the prosecutors vigorously opposed the motion for a mistrial, (3) the trial judge specifically found that the prosecutors did not intend to cause a mistrial, and (4) the prosecutors asked the improper question in response to what the trial court found was improper questioning by defense counsel.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.